IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kristen Williams, )<br>)<br>　　　　Plaintiff, )<br>) Civil Action No. 2:25-cv-301-BHH<br>v. )<br>)<br>Phillip Truesdell, Audrey Copeland, ) **ORDER**<br>Ronald Copeland, Grover Beau Seaton, )<br>Sheila R. Mims, Jason R. Wheeler, )<br>Joseph Todd Manley, Diamond Gordon,)<br>Telly Palm, Department of Social )<br>Services (SCDSS), Estate of Phillip )<br>Truesdell, Hannah Lassiter, Sierra )<br>Register, Vernette Tolliver, Najla C. )<br>Wright, Sally R. Young, Kyra McMillan, )<br>Debbie Politano, )<br>)<br>　　　　Defendants. )<br>_____ ) | |

This matter is before the Court upon Plaintiff Kristen Williams' ("Plaintiff") *pro se* amended complaint against the above-named Defendants. (ECF No. 33.) In accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On May 2, 2025, Magistrate Judge Molly H. Cherry issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without prejudice, without issuance and service of process, and without further leave to amend.[1] (ECF No. 34.) Attached to the Magistrate

---

[1] In her Report, the Magistrate Judge also recommended that the pending motions be deemed moot, specifically, Plaintiff's motion for substitution of party (ECF No. 7), Defendant Jason R. Wheeler's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 11), Defendant Sheila R. Mims' motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure (ECF No. 14), and Defendant Joseph Todd Manley's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 34 at 18.)

Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. On May 14, 2025, Plaintiff filed objections to the Report, and the matter is ripe for review.[2] (ECF No. 44.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

In her Report, the Magistrate Judge outlined the allegations in Plaintiff's amended complaint, which all relate to Plaintiff's claim that she has been wrongfully deprived of custody of her minor child without valid justification and without due process since May 3, 2022. After liberally construing the allegations in Plaintiff's amended complaint, the Magistrate Judge recommended that the Court summarily dismiss this action for a number of reasons.

First, the Magistrate Judge explained that, to the extent Plaintiff is attempting to appeal the results of South Carolina family court actions to this court, the Court lacks

---

[2] In addition to filing objections, Plaintiff has filed numerous motions including two motions for summary judgment (ECF Nos. 38, 54), a motion to modify the Rule 26(f) requirements and for a status conference (ECF No. 55), and a motion to compel (ECF No. 56), as well as various responses to Defendants' motions. (*See* ECF Nos. 36, 37, 45, 46, 48, 49, 52, and 53.)

subject matter jurisdiction because federal district courts do not hear appeals from state court actions. Specifically, the Magistrate Judge explained that, "[t]o rule in favor of Plaintiff on claims filed in this action may require this court to overrule and reverse rulings made in the state court," which is prohibited under the *Rooker-Feldman* doctrine. (ECF No. 34 at 5-7 (citing cases where courts have found that the *Rooker-Feldman* dostrine bars challenges to state family court orders and custody proceedings).

Next, the Magistrate Judge found that, to the extent that any state court proceedings remain pending, this Court should abstain from interfering in those proceedings and should not consider any requests for injunctive and/or declaratory relief in light of *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. (ECF No. 34 at 8-9.)

Additionally, the Magistrate Judge determined that, even if Plaintiff's claims are not prohibited by *Rooker-Feldman* or *Younger*, Plaintiff's federal claims against Defendants are subject to summarily dismissal for failure to state a claim. First, the Magistrate Judge found that the amended complaint fails to allege sufficient facts to state plausible federal claims against Defendants Department of Social Services ("SCDSS") and its employees, Diamond Gordon ("Gordon"), Telly Palm ("Palm"), Hannah Lassiter ("Lassiter"), Sierra Register ("Register"), Vernette Tolliver ("Toliver"), Najla C. Wright ("Wright"), Sally R. Young ("Young"), Kyra McMillan ("McMillan"), and Debbie Politano ("Politano"). (*Id.*) Additionally, to the extent Plaintiff seeks relief against these Defendants under a theory of supervisory liability, the Magistrate Judge found that Plaintiff failed to allege facts to establish supervisory liability. (*Id.* at 10.)

With respect to Plaintiff's assertion that Defendants violated her Equal Protection rights, the Magistrate Judge explained that Plaintiff does not allege any facts to show that

3

she was treated differently from others with whom she is similarly situated or that any alleged unequal treatment was the result of intentional or purposeful discrimination. (*Id.*)

As to Plaintiff's claim that Defendants violated the Adoption and Safe Families Act, the Magistrate Judge explained that Plaintiff fails to allege any facts to show that this statute creates a private right of action. (*Id.* at 11.)

Next, the Magistrate Judge noted that Plaintiff cannot maintain her suit against Defendant Phillip Truesdell ("Truesdell"), who is deceased and is subject to summary dismissal. (*Id.* at 11-12.)

With respect to Plaintiff's claims against Defendant Joseph Todd Manley("Manley"), who served as the court-appointed mediator in the underlying family court action, the Magistrate Judge found that Manley is subject to dismissal because mediators are entitled to quasi-judicial immunity. (*Id.* at 12-13.) Likewise, the Magistrate Judge found that Jason R. Wheeler ("Wheeler") is entitled to quasi-judicial immunity for duties performed in his role as a guardian ad litem in the underlying family court action. (*Id.* at 13.)

The Magistrate Judge next noted that Defendants Grover Beau Seaton ("Seaton") and Sheila R. Mims ("Mims"), who are attorneys who allegedly represented Plaintiff in family court proceedings, are not state actors within the meaning of § 1983. And the Magistrate Judge explained that Defendants Audrey Copeland and Ronald Copeland ("the Copelands") are private individuals and likewise are not state actors within the meaning of § 1983. (*Id.* at 15.)

Next, the Magistrate Judge explained that Defendant SCDSS and Defendants Gordon, Palm, Lassiter, Register, Tolliver, Wright, Young, McMillan, and Politano in their official capacities are not "persons" subject to liability under § 1983 and are entitled to

4

Eleventh Amendment immunity. (*Id.* at 15-16.)

Lastly, the Magistrate Judge explained that because Plaintiff fails to allege any plausible federal claims, only state law claims would remain, and without diversity jurisdiction, this Court should decline to exercise supplemental jurisdiction over any remaining state law claims. (*Id.* at 16-17.)

In her lengthy and detailed objections to the Magistrate Judge's Report, Plaintiff asserts that she has properly pleaded claims under § 1983 and the United States Constitution, and she asks the Court to reject the Magistrate Judge's Report in full and proceed in this matter. (ECF No. 44 at 3.)

Specifically, Plaintiff first objects to the Magistrate Judge's finding that this action is barred by the *Rooker*-Feldman doctrine. Instead, Plaintiff asserts that her claims are independent of any final state court judgment, and she claims that she is not seeking appellate review of a final custody order. (*Id.*) Plaintiff further contends that her claims alleging conspiracy, fabrication of evidence, and/or due process are not barred by *Rooker-Feldman*, and she contends that the Magistrate Judge's Report "wrongly assumes the existence of a final family court judgment." (*Id.* at 4.) She then states that, "[a]t the time Plaintiff filed the federal action, state proceedings were still ongoing, and the family court had issued temporary or interlocutory orders based on incomplete or procedurally flawed hearings." (*Id.*) According to Plaintiff, she is not seeking a reversal of custody determinations but instead is seeking "prospective relief, compensatory damages, and injunctive relief for ongoing constitutional violations." (*Id.*)

Next, Plaintiff objects to the Magistrate Judge's recommendation that the Court abstain from hearing this matter pursuant to *Younger*. (*Id.* at 5.) According to Plaintiff,

5

there is no longer an ongoing state judicial proceeding because the family court has entered a final custody order (which also directly contradicts her prior statement that there is no final family court order, *see supra*). (*Id.*) Plaintiff further states that she "does not seek to disrupt child custody proceedings," and instead "asserts § 1983 claims for damages and constitutional relief based on completed misconduct by DSS employees." (*Id.*) Additionally, Plaintiff asserts that extraordinary circumstances warrant federal intervention because Plaintiff has alleged, *inter alia*, collusion, procedural violations, and a pattern of rights violations on the part of Defendants. (*Id.* at 6.) According to Plaintiff, she has been denied an adequate opportunity to raise these federal claims in the state court proceedings, although she cites no facts to support this assertion.

Plaintiff next objects to the Magistrate Judge's conclusion that her complaint fails to state plausible constitutional claims against Defendants. (*Id.*) According to Plaintiff, her amended complaint alleges specific and documented misconduct by SCDSS employees, and Plaintiff further asserts that her conspiracy allegations are supported by factual context and joint action. (*Id.* at 7.) According to Plaintiff, she also has plausibly alleged supervisory liability. (*Id.*)

As to the Magistrate Judge's finding that Plaintiff's amended complaint fails to state an Equal Protection Claim, Plaintiff asserts that the Magistrate Judge overlooked material facts, and she states that she has met the threshold for alleging that she was treated differently from others similarly situated. (*Id.* at 8-9.) Additionally, Plaintiff contends that even if she has not identified a protected class, she has plausibly alleged a "class-of-one" claim." (*Id.* at 9.)

According to Plaintiff, the Magistrate Judge's recommendation that any claims

arising under the Adoption and Safe Families Act be dismissed "reflects a misunderstanding of the role ASFA plays in this action." (*Id.* at 10.) Plaintiff states that she "does not assert ASFA as an independent cause of action, but rather invokes its statutory standards as evidence of federally mandated duties that were violated by state actors under color of law." (*Id.*) According to Plaintiff, her claims arise under § 1983 and not directly under ASFA, but the requirements set forth in the ASFA may inform whether a state actor has breached a constitutional duty. (*Id.* at 11.)

As to the Magistrate Judge's recommendation that Defendant Truesdell be dismissed, Plaintiff asserts that she filed a timely motion to substitute a party under Rule 25(a), identifying the Copelands as the proper substitute parties for the deceased Defendant. (*Id.* at 11-12.) Plaintiff further asserts that her claims against Truesdell are not distinguished by his death. (*Id.* at 12.)

Plaintiff next objects to the Magistrate Judge's finding that Defendant Manley is entitled to quasi-judicial immunity. (*Id.* at 13.) According to Plaintiff, she has alleged that Manley acted outside the scope of his quasi-judicial role and colluded against Plaintiff in an effort to deprive Plaintiff of her constitutional rights; accordingly, Plaintiff contends that quasi-judicial immunity does not protect Defendant Manley. (*Id.*)

Likewise, Plaintiff objects to the Magistrate Judge's finding that Defendant Wheeler is entitled to quasi-judicial immunity. (*Id.* at 14.) According to Plaintiff, she has alleged that Wheeler acted outside the scope of the court appointment and violated his statutory duties; accordingly, Plaintiff contends that quasi-judicial immunity does not protect Defendant Wheeler. (*Id.* at 14-16.) Additionally, Plaintiff asserts that even if quasi-judicial immunity does apply, it would be inappropriate to apply the defense at this stage in the litigation. (*Id.*

7

at 16.)

Plaintiff next objects to the Magistrate Judge's conclusion that Defendants Seaton and Mims are not state actors for purposes of § 1983. According to Plaintiff, she has alleged that these Defendants acted jointly and in concert with state officials, thereby satisfying the state actors requirement. (*Id.* at 17.) Plaintiff further asserts that these Defendants were court-appointed and/or court-engaged in a manner that imposes public responsibilities. (*Id.*)

Likewise, Plaintiff objects to the Magistrate Judge's finding that the Copelands be dismissed on the basis that they are private individuals not acting under color of state law. (*Id.* at 18.) According to Plaintiff, the Copelands are not "simply passive third parties" but "were integrated into a state child removal and custody scheme, and their participation in and benefit form that scheme constitutes joint action with state officials." (*Id.*) Thus, Plaintiff asserts that the Copelands were functionally operating as agents of the state. (*Id.* at 19.)

Next, Plaintiff objects to the Magistrate Judge's recommendation that SCDSS and its employees sued in their official capacities be dismissed under § 1983 and the Eleventh Amendment. (*Id.*) Plaintiff asserts that she seeks prospective and declaratory relief against these Defendants, which is not barred by the Eleventh Amendment, and she also notes that she has sued these Defendants in their individual capacities. (*Id.* at 20.) In addition, Plaintiff asserts that Eleventh Amendment immunity does not apply to federal constitutional violations. (*Id.* at 21.)

Lastly, Plaintiff objects to the Magistrate Judge's recommendation that the Court decline to exercise supplemental jurisdiction over any remaining state law claims. (*Id.*)

According to Plaintiff, her state law claims are closely intertwined with her federal claims, and she argues that the Court should exercise its discretion to retain those claims. (*Id.* at 22.)

After careful consideration of Plaintiff's objections and other filings, and after *de novo* review of the Magistrate Judge's Report, the Court finds that the Magistrate Judge properly analyzed the allegations set forth in Plaintiff's amended complaint. Furthermore, the Court finds that nothing in Plaintiff's objections alters the analysis. Therefore, the Court finds that the Magistrate Judge properly determined that Plaintiff's claims are subject to summary dismissal for a number of reasons.

First, the Court fully agrees with the Magistrate Judge that Plaintiff's claims, which clearly concern family court matters, including the family court's final custody order, are so inextricably intertwined with state court decisions such that this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. (*See* ECF No. 34 at 6 (citing cases).) As the Magistrate Judge aptly explained:

> Plaintiff is asking this Court to order immediate reunification with the minor child. She challenges findings of the family court as to decisions of child custody. Her claims are inextricably intertwined with the decisions of the South Carolina family court and thus this Court lacks authority to hear this case.

(*Id.* at 7.) As the Magistrate Judge also correctly explained, Plaintiff may seek appellate review within the South Carolina court system and then possibly at the United States Supreme Court.[3]

---

[3] While Plaintiff asserts in her objections that the family court proceedings are no longer pending, the Court also notes that, to the extent the proceedings *are* still pending, the Magistrate Judge correctly explained that *Younger* abstention would be appropriate under the circumstances.

Next, the Court also fully agrees with the Magistrate Judge's finding that, *even if* Plaintiff's claims are not barred by *Rooker-Feldman* (or *Younger*), Plaintiff's federal claims are still subject to dismissal for failure to state a claim against Defendants, for the myriad reasons set forth in the Magistrate Judge's Report. (*See* ECF No. 34 at 9-16.) And, as stated previously, the Court finds nothing in Plaintiff's objections to alter the Court's analysis. Thus, the Court adopts in full the Magistrate Judge's Report and specifically incorporates it herein.

Finally, having found that, *even if* the Court has jurisdiction to consider Plaintiff's claims, her federal claims are still subject to summary dismissal for failure to state a claim, the Court, in its discretion, declines to exercise supplemental jurisdiction over any remaining state law claims.

## **CONCLUSION**

For the foregoing reasons, the Court hereby adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 34); the Court overrules Plaintiff's objections (ECF No. 44); and the Court summarily dismisses this action without prejudice, without issuance and service of process, and without further leave to amend.[4] The Court also finds moot all remaining motions (ECF Nos. 7, 11, 14, 15, 38, 39, 40, 41, 54, 55, 56, 58).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 28, 2025 Charleston,
South Carolina

---

[4] The Court notes that Plaintiff has already filed an amended complaint. Thus, the Court declines to give Plaintiff an additional opportunity to amend her complaint, as any attempt to cure the deficiencies would appear to be futile for the reasons set forth above and in the Magistrate Judge's Report.

10